**In re: AD HOC COMMITTEE OF TORT VICTIMS, Petitioner,**

**In re: Quigley Company, Inc., Debtor.**

**No. 04 Civ. 8934(VM).**

United States District Court,
S.D. New York.

July 5, 2005.

Steven B. Smith, Brown Rudnick Berlack Israels LLP, New York, NY, for Ad Hoc Committee of Tort Victims.

Elihu Inselbuch, Cappiello Hofmann & Katz PC, New York, NY, for Unsecured Creditors Committee of Quigley Co., Inc.

### DECISION AND ORDER

MARRERO, District Judge.

The Ad Hoc Committee of Tort Victims ("Ad Hoc Committee"), an entity apparently comprising several law firms representing asbestos tort plaintiffs, has filed a petition for a writ of mandamus (the "Petition") in this Court seeking to obtain the recusal of Bankruptcy Judge Prudence C. Beatty from the chapter 11 bankruptcy proceedings of Quigley Company, Inc. ("Quigley"). The Ad Hoc Committee, together with the Quigley's Unsecured Creditors Committee (collectively, "Petitioners"), seek a determination that Judge Beatty's recusal is required pursuant to 28 U.S.C. §§ 455(a) and (b)(1). According to Petitioners, Judge Beatty made a number of comments, during hearings addressing alleged tort claims against Quigley held by more than 100,000 individuals who claim they were exposed to asbestos in Quigley's products, that manifest her "personal bias and prejudice against the Committee's

constituency," and that convey "the appearance of bias" against that constituency. (Petition for Writ of Mandamus, dated Nov. 12, 2004 "Pet." at 1.) For the reasons discussed below, the Petition is denied.

## I.  BACKGROUND

The facts and circumstances surrounding Quigley's bankruptcy filing, and the issues related to asbestos claims pending or contemplated against Quigley and its parent company, Pfizer, Inc. ("Pfizer"), are discussed in an opinion issued by this Court related to a preliminary injunction entered by Judge Beatty in Quigley's bankruptcy proceeding. See In re Quigley Co., Inc., 323 B.R. 70 (S.D.N.Y.2005). Judge Charles S. Haight, Jr. of this District also issued opinions related to Petitioners' efforts to obtain the recusal of Judge Beatty, including an opinion denying leave to appeal Judge Beatty's refusal to recuse herself from Quigley's bankruptcy proceedings, before Judge Haight recused himself from this matter and the case was transferred to this Court.[1] Familiarity with these opinions is assumed.

The mandamus action arises out of a hearing held on September 7, 2004 (the "September 7 Hearing"), which addressed Quigley's motion for a preliminary injunction and temporary restraining order staying certain asbestos-related suits pending against Pfizer. See In re Quigley, 323 B.R. at 72–73 (discussing the preliminary injunction ultimately issued by Judge Beatty staying suits by certain asbestos plaintiffs against Pfizer). In that hearing, which occurred within days of Judge Beatty's assignment to Quigley's bankruptcy proceedings, Judge Beatty made a number of remarks, excerpted in the Petition, that Petitioners allege demonstrate her bias against asbestos claimants and their counsel. (See Petition for Writ of Mandamus, dated Nov. 12, 2004 ("Pet.") at 6–7.)

Judge Beatty's statements led Petitioners to seek Judge Beatty's recusal via motion in bankruptcy court. At a hearing held on November 1, 2004 ("November 1 Hearing"), Judge Beatty indicated on the record that she would deny the recusal motion, explaining that she had no actual bias against asbestos tort plaintiffs or Petitioners, and that her remarks at the September 7 Hearing were misunderstood or taken out of context by Petitioners to create the appearance of bias.[2] This Petition followed.[3]

Quigley and Pfizer (collectively, "Respondents") jointly submitted a memorandum of law in opposition to the Petition on November 30, 2004. In its reply memorandum in support of the Petition, the Ad Hoc Committee argues that additional allegedly prejudicial comments made by Judge Beatty at the November 1 Hearing

---

1.  These opinions are reported as In re Ad Hoc Committee of Tort Victims, 04 Civ. 8934, 2004 WL 2755504 (S.D.N.Y. Dec.1, 2004); In re Ad Hoc Committee of Tort Victims, 04 Civ. 8934, 2005 WL 267564 (S.D.N.Y. Feb.3, 2005) (denying leave to appeal Judge Beatty's denial of recusal motion in bankruptcy court); In re Ad Hoc Committee of Tort Victims, 04 Civ. 8934, 2005 WL 486649 (S.D.N.Y. Mar.1, 2005) (requesting briefing on whether Judge Haight must recuse himself due to his ownership of shares of Pfizer). Judge Haight subsequently recused himself based on his ownership of Pfizer shares.

2.  An order formally denying the recusal motion was entered on November 18, 2004.

3.  Petitioners also sought leave to appeal the denial of their recusal motion to Judge Haight, who initially erroneously consolidated the appeal with the Petition but later corrected the error via Memorandum and Order dated February 10, 2005. Thus, the Petition remains sub judice even though Judge Haight has already denied Petitioners leave to appeal Judge Beatty's ruling on their recusal motion.

and at several subsequent hearings provide further support for the Petition.

## II. DISCUSSION

### A. LEGAL STANDARDS FOR MANDAMUS ACTIONS ORDERING RECUSAL

■ While the Court is empowered to order Judge Beatty's recusal via a writ of mandamus, such a remedy is rarely granted. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988) ("[T]he exceptional remedy of mandamus will only be invoked where the petitioner has demonstrated that its right to such relief is 'clear and indisputable.' ... Were this not so, mandamus applications to review a judge's refusal to recuse would become an effective tactic of harassment and delay.") Moreover, the Court sees no reason why the standard of review applied by the Second Circuit to mandamus actions seeking recusal of a district judge would not also be applicable to a district court's review of a bankruptcy judge's refusal to recuse herself.[4] That standard holds that "[d]iscretion is confided in the [lower court] judge in the first instance to determine whether to disqualify himself," *In re Drexel*, 861 F.2d at 1312, for the obvious reason that "[t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *Id.* Consequently, as a court sitting in a supervisory capacity over the bankruptcy court, this Court "do[es] not ask [itself] whether [it] would have ruled in the same manner as did the [bankruptcy] court, but rather whether the [bankruptcy] judge's decision is a rational one finding support in the reçord." *Id.* This Court will grant mandamus only if Petitioners " 'clearly and indisputably' demonstrate that the [bankruptcy] court abused its discretion" in declining the earlier recusal motion. *Id.* at 1312–13.

■ Petitioners seek this extraordinary relief on two grounds. First, Petitioners claim that Judge Beatty must recuse herself pursuant to 28 U.S.C. § 455(b)(1), which requires recusal on the basis of "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." This standard cannot be satisfied merely by a demonstration that the judge whose recusal is sought made remarks critical of counsel or parties. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality charge."). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Evidence that a judge relied on facts outside of the proceedings, *i.e.*, an "extrajudicial source," in reaching an opinion hostile to a party, may provide grounds for satisfying the standard of Section 455(b)(1), but will do so "only if [judicial remarks] reveal such a high degree of

4. While the Second Circuit has not determined what standard of review ought to apply to a district court's review of a mandamus petition seeking recusal of a bankruptcy court judge, other district courts in this Circuit have applied the standard articulated above when reviewing mandamus petitions seeking recu-sal of bankruptcy judges. *See, e.g., In re Savage & Associates, P.C.*, No. 05 Civ.2072, 2005 WL 578919, at *1 (S.D.N.Y. Mar.9, 2005); *Tese–Milner v. Holland*, No. 97–CV–4904, 1997 WL 1048898, at *3 (E.D.N.Y. Nov.26, 1997).

favoritism or antagonism as to make fair judgment impossible." *Id.*

■ Second, Petitioners argue that Judge Beatty must recuse herself pursuant to 28 U.S.C. § 455(a), which states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Second Circuit has concluded that Section 455(a) "governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown. The determination of whether such an appearance has been created is an objective one based on what a reasonable person knowing all the facts would conclude." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir.2003) (internal citations omitted).

### B. PETITIONERS ARE NOT ENTITLED TO MANDAMUS RELIEF

■ The Court has reviewed all of the materials submitted by the parties and has concluded that the Petition is without merit. Judge Beatty's remarks at the September 7 Hearing, which were clarified at the November 1 Hearing, do not demonstrate actual or apparent bias or prejudice. Even if Judge Beatty's initial remarks concerning Petitioners' claims at the September 7 Hearing might have led Petitioners to believe that such bias might exist, Petitioners have given the Court no reason to doubt the veracity or good faith of Judge Beatty's insistence at the November 1 Hearing that she has no actual bias or prejudice against Petitioners, and that her remarks, when read properly, should not be interpreted to convey any such bias or prejudice.

The September 7 Hearing occurred within four days of Judge Beatty's reassignment to Quigley's exceedingly complex bankruptcy proceeding after the recusal of another bankruptcy judge. As Respon-

dents explain in their opposition brief, Judge Beatty's remarks in the hearing reflected the content of Quigley's submissions, to which Petitioners submitted no written opposition. (*See* Memorandum of Quigley Company, Inc. And Pfizer, Inc. in Opposition to Petition for Writ of Mandamus under 28 U.S.C. § 455, dated Nov. 30, 2004 ("Respondent Mem.") at 8–12.) Furthermore, the September 7 Hearing was held only to determine whether a TRO should issue; it was not intended to reflect Judge Beatty's final views on the merits of Respondents' efforts to obtain injunctive relief against Petitioners' constituents. Judge Beatty found that Quigley's essentially uncontroverted submissions satisfied the standards applicable to issuance of a TRO. Consequently, it is unsurprising that Judge Beatty made statements that may be read as favorable to Respondents at the hearing.

Petitioners also claim that Judge Beatty's reference to "extrajudicial sources," including to newspaper articles allegedly critical of the asbestos Petitioners' bar in the November 17 Hearing, demonstrates her actual or apparent bias against Petitioners. But Judge Beatty's reference in legal proceedings to articles critical of asbestos tort Petitioners and lawyers cannot, standing alone, provide a basis for demonstrating actual or apparent bias or prejudice. As the Second Circuit has recognized, requiring judges to shelter themselves from information and opinions contained in periodicals in order to avoid accusations of bias or prejudice would lead to absurd results. *See In re Aguinda*, 241 F.3d 194, 205 (2d Cir.2001). Judges need access to this information in order to be able to evaluate competing views and arguments; the proposition that Judge Beatty, a United States Bankruptcy Judge in the nation's commercial capital, must avoid reading or referencing

the *Wall Street Journal* in legal proceedings merely because it contains opinions critical of asbestos litigation practices, is unworthy of comment. Nor does the Court read Judge Beatty's reference to these articles as demonstrating such a "high degree of ... antagonism [towards Petitioners and those they represent] as to make fair judgment impossible," *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147, or as indicating that her "impartiality might reasonably be questioned," 28 U.S.C. § 455(a).

Petitioners' allegation that Judge Beatty relied on extrajudicial sources at the September 7 Hearing, when she herself insisted at the November 1 hearing that she had not done so, has no support in the record before the Court. The Court has evaluated Petitioners' other arguments and concluded that they are without merit.

Because Petitioners have failed to clearly and indisputably demonstrate that Judge Beatty abused her discretion in denying the recusal motion filed in bankruptcy court, the Court denies the Petition in its entirety.

### III. *ORDER*

For the reasons discussed above, it is hereby:

**ORDERED** that the petition for a writ of mandamus filed by the Ad Hoc Committee of Tort Victims is DENIED.

The Clerk of Court is directed to close this case, and all open motions.

**SO ORDERED.**